**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM THE SLOVAK REPUBLIC ) | |
| IN THE MATTER OF ) | Misc. No. 07- |
| CARNEY MACHINERY COMPANY ) | |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Slovak Republic. A copy of the translation is attached.

FACTUAL BACKGROUND:

Litigation is being conducted before the District Court of Kosice I, Slovak Republic. The litigation relates to a family court dispute regarding child support issues.

EVIDENCE SOUGHT:

The Slovak authorities seek information from a company that resides in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and

take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989). The letter of request in this case shows that the information sought is for use in such proceedings in the Slavk Republic and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal

Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                                        Respectfully submitted,

                                        COLM F. CONNOLLY
                                        United States Attorney

BY: _____
       David L. Hall
       Assistant U.S. Attorney
       1007 N. Orange Street
       Wilmington, DE  19801
       (302) 573-6277

Dated: 4/16/07

- 4 -
TRANSLATION

Case No. 21P/190/2003

# REQUEST
# to Take Evidence Abroad

The undersigned requesting authority has the honor to send the requested authority a Letter of Request to take evidence abroad and requests it pursuant to Convention on the Taking of Evidence Abroad in Civil and Commercial Matters (Haag, March 18, 1970, Decree No. 129/1976 Coll.) to obtain evidence.

**1. Identity and address of the requesting authority:**
District court of Kosice I
Sturova 20
040 01 Kosice
Slovak Republic

phone: +421-55-72 69 459
fax:     +421-55-72 69 420
e-mail: ingrid.kalinakova@justice.sk

**2. Address of the requested authority:**
Office of International Judicial Assistance
Department of Justice
Washington, D.C. 20530
United States of America

**3. Plaintiff:**
father of David Fazekas, born on ■■■■ and minor Lucia Fazekas, born on ■■■■

**Jozef Fazekas,**
**born on** ■■■■
residing at 62.S.Skyward Dr. Newark, Delaware, 19713, USA,
represented by JUDr. Peter Kerecman, an attorney of the law office with the seat in Kosice, Razusova 1, Slovak Republic

**4. Minor child (in time of filing the action)**
David Fazekas, born on ■■■■ and minor Lucia Fazekasova, born on ■■■■ both residing at Kosice, Varsavska 21, Slovak Republic

**5. Defendant:**
mother of children:
**Jana Fazekasova,**
**born on** ■■■■
residing at Kosice, Varsavska 21, Slovak Republic

- 5.-

**6. Nature and subject of the proceeding:**
Father of Fazekas' children: David, born on ▓▓▓▓▓▓▓ and minor Lucia, born on ▓▓▓▓▓▓▓ has by action filed in court on July 14, 2003 claimed to decrease the alimony to the sum of 5.000 SKK for each child.

**7. Purpose of the evidence or procedural act:**
to determine earnings status of the father of children

**8. Evidence to be obtained:**
We kindly request you to require from the employer where father of children: **Jozef Fazekas, born on** ▓▓▓▓▓▓▓ residing at 62.Skyward Dr. Newark, Delaware, 19713, USA, is employed – *CARNEY MACHINERY COMPANY  P.O.Box 1106 – Wilmington, Delaware 19899 Warehouse: 500 East Front Street (302) 571-8382*
following documentary evidence:
- documentary evidence (accounting documents) confirming the content of Michael J. Carney's statutory declaration from April 26, 2004 that company paid father's costs of occupancy and allowed him to use company's motor vehicle for traveling to work.
- Report aimed at father's professional qualification and his qualification improvement as well as reasons for income reduction despite improved qualification
- Report on his actual income

Furthermore, we kindly request you to ascertain from the employer where present wife of the father of children **Mrs. Jana Fazekasova, born on** ▓▓▓▓▓▓▓ residing at 62.S.Skyward Dr. Newark, Delaware, 19713, USA, is employed / SUNOCO, Philadelphia/ following facts: - since when is she employed there
- what kind of work does she perform
- how is she remunerated

**We kindly request to return documents furnished by the employers.**

In Kosice on September 27, 2006

Gizela Pavelova
Judge
Illegible signature

Round Seal: Slovak State Symbol, District court of Kosice I



In Kosice on October 11, 2006

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM THE SLOVAK REPUBLIC ) | |
| IN THE MATTER OF ) | Misc No. 07- |
| CARNEY MACHINERY COMPANY ) | |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from the Slovak Republic whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Slovak Republic and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Slovak Republic authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party

shall be required);

    3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Slovak Republic, which procedures may be specified in the request or provided by the Slovak authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Civil Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Slovak authorities.

    IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

    Dated: This _____ day of _____, 2007.

_____
United States District Court Judge